IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LAWRENCE OWENS, # R-02021, )
)
      Plaintiff, )
)
vs. ) Case No. 13-cv-1123-JPG
)
C/O HAST, R. ROY, )
and PATRICIA MURPHY, )
)
      Defendants. )

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, currently incarcerated at Lawrence Correctional Center ("Lawrence"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is serving a 25-year sentence for murder. Plaintiff's claim involves the loss of his personal property.

More specifically, Plaintiff claims that in connection with his transfer from Hill Correctional Center ("Hill") to Menard Correctional Center ("Menard") in July 2011, Defendant Hast (correctional officer at Hill) took numerous commissary-purchased food items, six books, and three bowls out of Plaintiff's personal property box (Doc. 1, p. 5). Defendant Hast placed these items in a garbage bag that was sent to Menard Segregation Property one week after Plaintiff himself was moved to Menard.

Plaintiff was released from segregation at Menard in September 2011 and was then given his personal property box. However, none of the above property items were in the box, and Plaintiff has never received them back nor been compensated for their value.

In May 2012, Plaintiff filed an action in the Illinois Court of Claims (Case No. 12-CC-3593) seeking compensation for the loss of his property in the amount of $234.31 (Doc. 1, pp. 5-

6).  Defendant Patricia Murphy (Commissioner of the Court of Claims) conducted a hearing on October 23, 2012, on Plaintiff's case.  Plaintiff has made several inquiries to the Court of Claims and to various other officials regarding the status of his case, which is still pending in that court (see Doc. 1-2, pp. 4-5).  Citing an earlier unrelated case in which his claim was denied by the Court of Claims, Plaintiff asserts that Defendant Murphy and the Court of Claims are "shirking their duties" (Doc. 1, p. 5).  Thus, he seeks redress from this Court to award him damages equal to the value of the lost property.

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.  After fully considering the allegations in Plaintiff's complaint, the Court concludes that this action is subject to summary dismissal.

The only constitutional right that might be implicated by the facts outlined in the complaint is Plaintiff's right, under the Fourteenth Amendment, to be free from deprivations of his property by state actors without due process of law.  To state a claim under the due process clause of the Fourteenth Amendment, Plaintiff must establish a deprivation of liberty or property *without due process of law.*  If the state provides an adequate remedy, Plaintiff has no civil rights claim.  *Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984) (availability of damages remedy in state claims court is an adequate, post-deprivation remedy).  The Seventh Circuit has found that Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims.  *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999); *Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993); 705 ILL. COMP. STAT. 505/8 (1995).  Accordingly,

he cannot maintain a civil rights claim in this Court for the deprivation of his property.

Plaintiff correctly brought his property claim in the Illinois Court of Claims. The fact that he has not obtained a decision from that court as quickly as he would like does not render that procedure inadequate to satisfy constitutional concerns. That court informed Plaintiff in a letter of July 22, 2013, from the Director/Deputy Clerk that his case was still under consideration and that he will be notified of the commissioner's decision as soon as it is issued (Doc. 1-2, p. 4).

Moreover, this Federal Court has no supervisory authority over an ongoing case that is pending in a state court. *Younger v. Harris*, 401 U.S. 37 (1971) (federal court should not interfere with pending state judicial proceedings); *see also Brunken v. Lance*, 807 F.2d 1325, 1330 (7th Cir. 1986). In fact, federal courts are required to abstain from interference in state court proceedings when they are "(1) judicial in nature, (2) implicate important state interests, and (3) offer an adequate opportunity for review of constitutional claims, (4) so long as no extraordinary circumstances exist which would make abstention inappropriate." *Green v. Benden*, 281 F.3d 661, 666 (7th Cir. 2002) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 436-37 (1982) and *Majors v. Engelbrecht*, 149 F.3d 709, 711 (7th Cir. 1998)). A proceeding in the Illinois Court of Claims undoubtedly satisfies the first three criteria listed above, and the instant complaint presents no extraordinary circumstances to suggest that this Court should depart from the *Younger* abstention rule.

To summarize, Plaintiff's complaint fails to state a constitutional claim upon which relief may be granted, and shall be dismissed with prejudice.

**Disposition**

For the reasons stated above, this action is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted. All pending motions are **DENIED AS MOOT**.

Plaintiff is **ADVISED** that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4).

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: November 25, 2013**

                                                     *s/ J. Phil Gilbert*
                                                     United States District Judge